## Commonwealth v. Tsafos

*J. Stroud Weber*, district attorney, for Commonwealth.

*Duffy, McTighe & McElhone*, for defendant.

FORREST, J., March 7, 1952.—Defendant, Joseph Tsafos, was indicted and tried on the charge of fornication and bastardy, of which the jury found him guilty as charged on December 4, 1951. On December 7, 1951, defendant filed his motion in arrest of judgment. The sole basis for this motion was the fact that the prosecutrix had admitted that she had had intercourse with another on a date not more than 324 days prior to the birth of the child. Defendant admitted that he had intercourse with prosecutrix within the ordinary period of gestation.

There was no medical testimony as to the length of the period of gestation. Defendant relies upon the case of Commonwealth v. Young, 163 Pa. Superior Ct. 279 (1948), where the court on page 283 seems to approve of a certain medical text, which states:

" 'The most reliable datum from which to estimate the beginning of pregnancy is the date of fruitful coition, and, reckoning from this day, pregnancy has been found to vary from two hundred and twenty to three hundred and thirty days, the average being two hundred and seventy days.' "

In this case, prosecutrix admitted that another had intercourse 290 days before the birth of the child, which certainly brought that coition within the probable period of gestation. Accordingly, the Superior Court discharged defendant. It should be noted that

the Superior Court did not state that defendant would have been discharged if there had been intercourse with another as much as 335 days prior to the birth of the child, rather than the 290 days.

In a case such as this, where an admitted coition is beyond the ordinary period of gestation, medical testimony should be submitted by the Commonwealth as to the probability of such a lengthy period of gestation, so that the trial judge and the jury might know what these probabilities are. To illustrate, if the testimony had been given at the trial of this case that there were only 10 cases known where the period of gestation had been as long as 324 days, certainly the case should not be taken from the jury, since this would reduce this probability to an infinitesimal one and would not of necessity give rise to a reasonable doubt. Of course, if on the other hand, the testimony would have been that in one out of every 100 births the period of gestation is 324 days, certainly this should give rise to a reasonable doubt and the case should not be submitted to the jury for a guess as to the paternity of the child.

It is the burden of the Commonwealth to take the case out of the realm of reasonable doubt and accordingly, it is incumbent upon the Commonwealth to produce medical testimony so that the jury might be enlightened as to the probabilities, percentagewise, of the paternity of another on the basis of any facts which might reasonably be accepted by the jury. We do not think that the ends of justice would be served by granting the motion in arrest of judgment and discharging defendant, but that the best interest of justice would be served by granting a new trial at which it is expected that testimony, in conformity with the premises, will be adduced.

And now, March 7, 1952, the motion in arrest of judgment will be considered to be a motion for a new trial and is granted and a new trial is ordered.